## Hoffman v. Hoffman

*John H. Thomas,* for plaintiffs.

*Calvin J. Friedberg,* for defendants Hoffman and Kredovski.

*Craig Currie,* for defendant Food Transport, Inc.

*John B. Lieberman, III,* for add'l defendants.

HEFFNER, *J.,* December 20, 1976 — Plaintiffs, James R. Hoffman and Daisy M. Hoffman, filed an action in trespass against defendants, Lester Charles Hoffman, Michael L. Kredovski, trading as Lone Trail Kennels, and Food Transport, Inc., hereinafter referred to respectively as Hoffman, Kredovski, and Transport. Plaintiffs allege that Hoffman, an agent and employe of Kredovski, while operating a motor vehicle, was involved in an accident causing property damage and personal injury to plaintiffs. Plaintiffs also aver that at the time of said accident Hoffman may have been operating his vehicle under an agreement with Transport. Transport filed a request for admissions under Pa. R.C.P. 4014 to confirm that an agreement which might have existed between Kredovski and Transport, had expired at or before

*the time of the accident.* Kredovski and Hoffman filed objections to the request for admissions. These objections are before the court for disposition.

Pa. R.C.P. 4014 provides: "(a) A party may serve upon an adverse party a written request for admissions by him, for the purpose of the pending action only, of the truth of any relevant matters of fact set forth in the request or of the genuineness of any writing, document or record, a copy of which is attached to the request, or incorporated therein by reference as provided by Rule 1019(g), or the truth of any fact relating to its authenticity, correctness, execution, delivery, mailing or receipt." Hoffman and Kredovski contend that Transport is a codefendant and, therefore, not an adverse party and consequently is not entitled to the use of the procedure prescribed by this rule. We are aware of and have examined the cited analogous cases, which defined "adverse party" in relation to Rule 4005 (Written Interrogatories to Adverse Parties): Vizza v. Harley-Davidson of Philadelphia, 53 D.& C.2d 349 (1971); Ardisson v. Baer, 44 D.&C.2d 217 (1968).

Although we have seriously considered these decisions and the reasons therein, we do not agree with them. We are in accord with the comment in Goodrich Amram, §4005(a)-10, which characterizes these holdings as too narrow a definition of "adverse." Also, we note in Vizza, supra, the court expressed doubt in following Ardisson, supra, by stating: "Although our practical sense tells us that the additional defendants in this case may be adverse in the long run, prior decision is to the contrary." Vizza then went on to state that the addi-

tional defendant had other means under the Pennsylvania Rules of Civil Procedure for obtaining the information.

Pa. R.C.P. 126 provides: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." For us to dismiss the request for admissions of Transport and to cause Transport to seek the same information under the provisions of Rule 4007 would simply delay the determination of this action and cause additional expense to the parties, in direct contradiction to the above rule.

Here, the pleadings indicate that Transport is attempting to negate its liability. If successful, the responsibility will be placed upon Hoffman and Kredovski. Accordingly, we have no difficulty in concluding the interests of the named defendants are adverse. Therefore, they are adverse parties under Rule 4014, regardless of how they may be joined or designated in the caption of the case: Kalp v. Connellsville State Hospital, 33 Fayette 70 (1970). In view of the above discussion we dismiss the objections of Hoffman and Kredovski to Transport's request for admissions.

## ORDER

And now, December 20, 1976, the objections of defendants, Lester Charles Hoffman and Michael L. Kredovski, to the request for admissions of defendant, Food Transport, Inc., are dismissed.